## REMSEN v. C. F. BLANKE TEA & COFFEE CO.

(Circuit Court, N. D. Georgia. June 7, 1911.)

No. 1,329.

REMOVAL OF CAUSES (§ 102*)—MOTION TO REMAND—GROUNDS.

Where an action has been removed to the federal court for diversity of citizenship, the fact that plaintiff filed a bill of exceptions and appealed to the state Supreme Court from the order of removal was not ground for remand.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 102.*]

In Equity. Petition by Nathan C. Remsen against the C. F. Blanke Tea & Coffee Company. On motion to remand. Denied.

Edgar Latham, for petitioner.

King, Spalding & Underwood and O. E. Thornton, for defendant.

NEWMAN, District Judge. This is a motion to remand. The only ground of the written motion is that, since the order of removal in the state court, the plaintiff has filed a bill of exceptions in the case and carried it to the Supreme Court of Georgia, alleging error in the order of removal.

While it was not made a part of the motion, it was contended in the argument at the bar that the record shows that only $1,500 is involved in this case, and that consequently there is no jurisdiction here. Plaintiff's suit was an equitable petition against the defendant to rescind a contract, and he prays for the rescission of the contract and judgment for $3,500, stating that he is willing to return certain stock, the subject-matter of the suit, upon receipt of the $3,500.

It is claimed by the plaintiff, also, that it is only a proceeding in rem, and the $1,550 is the total amount realized from certain property seized. The trouble about this is that there was an application for service on the defendant company by publication, under the Georgia statute. The state court appears to have recognized this as a proper case for such service, and directed the same. There is in the record a report of the clerk of the court showing that he had mailed a copy of the paper containing the notice to perfect service to the defendant company, and then an order by the court that, service having been perfected as required by law, it be declared perfected, and that the case proceed. So it would seem that this suit was changed, or certainly endeavored to be changed, from an action in rem, if it was that originally, to one in personam, and it looks, from an examination of the record, as if it was a suit in personam for $3,500.

But it is unnecessary for me to determine this question, because the only ground of the motion to remand, as stated, is the fact that the case has gone to the Supreme Court of the state. No question is made that the plaintiff is a citizen and resident of this district, and that the defendant company is a corporation of another state and doing business and residing therein.

The motion to remand must be denied.